856 F.2d 187
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Donald Jeremy STUTSMAN, Plaintiff-Appellant,
v.
KAISER FOUNDATION HEALTH PLAN of the MID-ATLANTIC STATES,
INC., Capital Area Permanente Medical Group, PC,
Defendants-Appellees.
 No. 87-1153.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 3, 1988.
Decided Aug. 16, 1988.
 
 Thomas Phillip Mains, Jr. for appellant.
 Richard W. Boone for appellees.
 Before HARRISON L. WINTER, Chief Judge, and CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Donald Jeremy Stutsman appeals the district court grant of summary judgment in favor of Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc., and Capital Area Permanente Medical Group, P.C., in his action seeking damages for the alleged wrongful death of his wife. By order of this court dated February 4, 1988, this appeal was held in abeyance pending resolution of an earlier appeal addressed to the Court of Appeals for the District of Columbia. We now dissolve that stay and affirm the entry of summary judgment.
 
 
 2
 Stutsman's wife filed a medical malpractice action against these Defendants in the District of Columbia Superior Court in June 1984. This action was consolidated with her husband's suit for loss of consortium. Over the Defendants' objections, the superior court refused to apply the law of the Commonwealth of Virginia to the action and this ruling was upheld on appeal. Kaiser-Georgetown Community Health Plan, Inc. v. Stutsman, 491 A.2d 502 (D.C.1985).
 
 
 3
 Following Mrs. Stutsman's death from related complications her husband was substituted as the plaintiff pursuant to the District of Columbia survival statute. D.C.Code Ann. Sec. 12-101 (1981). At that time, he also moved to amend the complaint to add a wrongful death claim. Superior Court Judge Shuker denied the motion to amend, finding that Stutsman was estopped from asserting the application of the Virginia wrongful death act, Va.Code Ann. Sec. 8.01-50 (1950 & Repl. Vol. 1984), based upon the earlier ruling that the law of the District of Columbia was controlling. Stutsman was foreclosed from relief under the District of Columbia wrongful death statute, D.C.Code Ann. Sec. 16-2701 (1981), because the alleged negligence occurred outside the District. Stutsman proceeded to trial on the survival and loss of consortium claims on which he received favorable jury verdicts. The award on the loss of consortium claim was appealed.
 
 
 4
 In the interim, Stutsman had filed another wrongful death action in the District of Columbia, again claiming that the Virginia wrongful death act applied to his wife's death. This suit was dismissed with prejudice by the superior court which ruled that the decision of Judge Shuker barred application of the Virginia statute and this suit. Stutsman appealed this decision to the Court of Appeals for the District of Columbia, where it was consolidated with the consortium award appeal.
 
 
 5
 Stutsman also filed an action in state court in Virginia seeking recovery under the Virginia wrongful death act. This suit was removed to federal court and dismissed on the basis of res judicata. From this dismissal, Stutsman filed an appeal in this court, which was stayed pending a decision from the Court of Appeals for the District of Columbia.
 
 
 6
 The Court of Appeals for the District of Columbia upheld the dismissal of the wrongful death action by the superior court, finding the question moot since Stutsman did not appeal the denial of the motion to amend the complaint. Stutsman v. Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc., No. 87-143 (D.C. July 14, 1988). The court held that the verdicts which Stutsman recovered on the survival and consortium claims prevented him from instituting a further action and that all of Stutsman's claims merged into this judgment.
 
 
 7
 The decision of the Court of Appeals for the District of Columbia is dispositive of the instant appeal. The issue of whether Stutsman may properly maintain an action pursuant to the Virginia wrongful death act has been fully litigated and resolved against Stutsman. The district court correctly determined that the action was barred on the ground of res judicata.
 
 
 8
 AFFIRMED.